**Chuck W. ADAMS, Appellant–Respondent,**

v.

**Mauro CHAVEZ, M.D., and Prison Health Services, Appellees–Petitioners.**

No. 77A01–0605–CV–221.

Court of Appeals of Indiana.

Oct. 17, 2007.

---

Chuck W. Adams, Bunker Hill, IN, Appellant pro se.

David D. Becsey, Zeigler Cohen & Koch, Indianapolis, IN, Attorney for Appellees.

**OPINION**

ROBB, Judge.

*Case Summary and Issue*

Chuck Adams appeals the trial court's dismissal of his proposed medical malpractice complaint. On appeal, Adams raises four issues, one of which we find dispositive and restate as whether the trial court abused its discretion in dismissing Adams's proposed complaint. We reverse and remand, concluding that the trial court abused its discretion because, when it dismissed Adams's proposed complaint pursuant to Indiana Code section 34–18–10–14, there was no indication that Adams had failed to act as required by Indiana Code chapter 34–18–10.

*Facts and Procedural History*

On September 28, 2001, Adams filed a proposed medical malpractice complaint with the Indiana Insurance Commissioner ("Commissioner") against Dr. Mauro Chavez; Prison Health Services of Indiana, L.L.C.; Gil Kaufman, Regional Director of Prison Health Services; Craig Underwood, Regional Vice–President of Prison Health Services; Dean Rieger, M.D., Medical Director; and the Indiana Department of Correction.[1] Adams also filed his proposed complaint with the Sullivan County Circuit Court.

On December 7, 2001, Adams served Petitioners and the Commissioner with a request for formation of a medical review panel.[2] After the panel chairman had been appointed, the parties began select-

1. Only Dr. Chavez and Prison Health Services of Indiana, L.L.C. (collectively "Petitioners") are parties to this appeal. Moreover, Dr. Chavez passed away on May 12, 2004.

2. A medical review panel consists of a panel chairman, who is an attorney, and three panel members, all of whom are health care provid-

ers. Ind.Code § 34–18–10–3. The panel's duty is "to express the panel's expert opinion as to whether or not the evidence supports the conclusion that the ... defendants acted or failed to act within the appropriate standards of care as charged in the complaint." Ind.Code § 34–18–10–22(a).

ing panel members.[3] For selection of Adams's panel member, on March 6, 2003, Adams nominated Mary D. Bush, M.D., whom Petitioners struck. On March 28, 2003, Adams nominated John H. Isch, M.D. On April 7, 2003, Petitioners struck Dr. Isch and requested that the chairman "establish a striking panel for [Adams's] nominee." Appellant's Appendix at 146. Thereafter, on April 15, 2003, Adams served the Commissioner and Petitioners with a filing captioned, "Plaintiff's Notice of Objection to Purported Challenge of Dr. John H. Isch, M.D. as Panel Member and to Selection of Defendant's Panel Member by Non–Attorney Secretary of Law Firm." *Id.* at 151. At that point, the panel member selection process stopped.[4]

On July 28, 2004, 470 days later, Dr. Chavez filed a "Motion for a Preliminary Determination of a Question of Law Pursuant to I.C. § 34–18–11–1, to wit: Motion to Dismiss Complaint for Failure to Prosecute Pursuant to Trial Rule 41(E)." *Id.* at 32. On September 16, 2004, the trial court conducted a hearing on the motion in Adams's absence. Adams previously had filed a motion for transport[5] so he could participate in the hearing, but the trial court denied that motion at the hearing. After hearing arguments from Dr. Chavez's counsel, the trial court granted the motion and dismissed Adams's proposed complaint with prejudice.

On appeal, we concluded that the trial court abused its discretion in dismissing Adams's proposed complaint because the trial court's denial of Adams's motion for transport during the hearing prevented him from presenting evidence against Dr. Chavez's motion. *Adams v. Chavez*, No. 77A05–0411–CV–632, slip op. at 8, 834 N.E.2d 233 (Ind.Ct.App., Aug. 23, 2005). In Adams's absence, the only evidence before the trial court was that 470 days had elapsed between Adams's last action on the case and Dr. Chavez's motion to dismiss. Consequently, we could not "conclude that the mere lapse of time, without more, equate[d] to intentional noncompliance with the [Medical Malpractice] Act and justifie[d] the ultimate sanction of dismissal with prejudice." *Id.* We therefore reversed and remanded to the trial court so it could conduct a hearing, during which Adams would have the opportunity to present evidence and make arguments.

On February 15, 2006, the trial court conducted a hearing in accordance with our decision and thereafter issued an order stating the following findings:

1. The Court of Appeals decision rendered on August 23, 2005, states the [sic] this matter must be reviewed for dismissal under I.C. 34–18–10–14 which is the administrative parallel to Trial Rule 41(E). The decision further states that "[w]e cannot conclude that the mere

---

3. In cases such as this one where there are multiple defendants, the plaintiff selects one panel member, the defendants collectively select one panel member, and the two panel members who have been selected choose the third panel member. Ind.Code § 34–18–10–7. However, each side may dismiss without cause the other side's selection of a panel member. Ind.Code § 34–18–10–10. If two such dismissals occur, the chairman creates a list of three potential panelists, each side strikes one panelist from the list, and the remaining panelist serves as a panel member. *Id.*

4. The parties agree that Petitioners, or at least Dr. Chavez, submitted a letter to the Commissioner in response to Adams's April 15th filing, although this letter does not appear in the record. Regardless, the April 15th filing is the last action Adams took in the panel selection process.

5. Adams was incarcerated at Miami Correctional Facility at the time of the hearing and is currently incarcerated there.

lapse of time, without more, equates to intentional noncompliance with the [Medical Malpractice] Act and justifies the ultimate sanction of dismissal with prejudice."

2. The Petitioners argued that [Adams] has failed to take any action in his medical review panel proceeding for a period of 470 days. His last action in the medical review panel proceeding occurred on April 15, 2003, when he filed a Notice Of Objection to Notice Of Striking submitted to the Panel Chairman that was signed by the Petitioner[s'] counsel's secretary.

3. Both parties agreed that once the Panel Chairman received [Adams's] Notice of Objection, it was the Panel Chairman's responsibility to appoint a new panel member. The Panel Chairman has not appointed a new member as of the date of the hearing in this cause of action. As such, [Adams] claims he took no further action because the Panel Chairman failed to act in accordance with Indiana statutes.

4. The Court finds (1) [Adams] could have filed a pleading requesting the Panel Chairman rule on his Notice of Objection and either deny the same or appoint another prospective panel member; (2) [Adams] could have asserted to a trial court or the appellate court that the chairman failed to appoint a panel consisting of three qualified panelists as required by IC 34–18–10–10, and in so doing, failed to carry out a statutory duty under the Medical Malpractice Act under IC 34–18–10–14 since both a trial court and the appellate court had jurisdiction over an assertion made under this statute (See *Harlett v. St. Vincent Hosps. & Health Servs.*, 748 N.E.2d 921 (Ind.[Ct.]App.2001)[, *trans. denied* ]); or at the very least (3) [Adams] could have least [sic] corresponded with the Panel Chairman and/or Petitioner[s'] counsel as to the status of the selection of the medical review panel. However, [Adams] failed to take any action for a period of 470 days with regard to the Department of Insurance proposed Complaint and the formation of the Medical Review Panel.

Appellant's App. at 9–10. Based on these findings, the trial court again dismissed Adams's proposed complaint with prejudice. Adams now appeals.

### Discussion and Decision

I. Trial Rule 41(E) and Indiana Code Section 34–18–10–14

Before addressing Adams's argument, we write to clarify some confusion this court and the trial courts have encountered regarding Trial Rule 41(E) and Indiana Code section 34–18–10–14. We note initially that, under the Medical Malpractice Act ("the Act"),[6] there are three ways a trial court can grant relief before the medical review panel has issued its opinion. First, Indiana Code section 34–18–11–1(a) states that a trial court has the power to "preliminarily determine an affirmative defense or issue of law or fact that may be preliminarily determined under the Indiana Rules of Procedure" and "compel discovery in accordance with the Indiana Rules of Procedure." This grant of authority is limited to "deciding issues of law or fact that may be preliminarily

---

6. The Act was initially codified at Indiana Code chapters 16–9.5–1 to –10. *Dixon v. Siwy*, 661 N.E.2d 600, 602 n. 3 (Ind.Ct.App. 1996). In 1993, the Act was recodified at Indiana Code chapters 27–12–1 to –18. *Mayhue v. Sparkman*, 653 N.E.2d 1384 (Ind.1995).

In 1998, the Act was recodified again at Indiana Code chapters 34–18–1 to –18, which is where it is currently codified. *Emergency Physicians of Indianapolis v. Pettit*, 718 N.E.2d 753, 755 n. 1 (Ind.1999).

determined under Trial Rule 12(D), and compelling discovery pursuant to Trial Rules 26 through 37, inclusively." *Griffith v. Jones,* 602 N.E.2d 107, 110 (Ind.1992).

Second, Indiana Code section 34–18–8–8 permits the Commissioner, on the Commissioner's own motion or on the motion of a party, to "file a motion in Marion county circuit court to dismiss the case under Rule 41(E) of the Indiana Rules of Trial Procedure" if action has not been taken on the case for at least two years.

Finally, a trial court can grant relief under Indiana Code section 34–18–10–14, which is what the trial court did in this case. Indiana Code section 34–18–10–14 states:

> A party, attorney, or panelist who fails to act as required by this chapter without good cause shown is subject to mandate or appropriate sanctions upon application to the court designated in the proposed complaint as having jurisdiction.

Trial Rule 41(E) states:

> Whenever there has been a failure to comply with these rules or when no action has been taken in a civil case for a period of sixty [60] days, the court, on motion of a party or on its own motion shall order a hearing for the purpose of dismissing such case. The court shall enter an order of dismissal at plaintiff's costs if the plaintiff shall not show sufficient cause at or before such hearing. Dismissal may be withheld or reinstatement of dismissal may be made subject to the condition that the plaintiff comply with these rules and diligently prosecute the action and upon such terms that the court in its discretion determines to be necessary to assure such diligent prosecution.

This court repeatedly has characterized Indiana Code section 34–18–10–14 as the "administrative parallel" to Trial Rule 41(E) because it permits relief when a party or panel member is "dilatory or fails to comply" with the Act. *Sherrow v. GYN, Ltd.,* 745 N.E.2d 880, 884 (Ind.Ct.App. 2001); *Jones v. Wasserman,* 656 N.E.2d 1195, 1196–97 (Ind.Ct.App.1995); *Ground v. Methodist Hosp. of Ind., Inc.,* 576 N.E.2d 611, 613 (Ind.Ct.App.1991), *trans. denied.* However, because we recognize a significant difference between Indiana Code section 34–18–10–14 and Trial Rule 41(E), we cannot describe the former as "parallel" to the latter.

Trial Rule 41(E) gives the trial court greater latitude in granting relief than does Indiana Code section 34–18–10–14. Specifically, Trial Rule 41(E) permits relief in two ways: where a party fails to prosecute the case for sixty days and where a party fails to comply with any other trial rule. *Rueth Dev. Co. v. Muenich,* 816 N.E.2d 880, 883 (Ind.Ct.App.2004), *trans. denied.* This court has affirmed dismissals in both instances. *See Office Env'ts, Inc. v. Lake States Ins. Co.,* 833 N.E.2d 489, 496 (Ind.Ct.App.2005) (affirming dismissal under Trial Rule 41(E) based on party's failure to comply with Trial Rule 16(A)); *Belcaster v. Miller,* 785 N.E.2d 1164, 1167 (Ind.Ct.App.2003), *trans. denied* (affirming dismissal under Trial Rule 41(E) based on the party's failure to prosecute for ten months).

In contrast, a trial court can grant relief under Indiana Code section 34–18–10–14 only when "[a] party, attorney, or panelist . . . fails to act as required by this chapter without good cause shown." Thus, unlike Trial Rule 41(E), Indiana Code section 34–18–10–14 does not in itself provide a basis for relief. Moreover, Indiana Code chapter 34–18–10 and, by extension, Indiana Code section 34–18–10–14, does not permit relief when a party has failed to prosecute its case within a specified time period. Instead, a trial court can grant relief un-

der Indiana Code section 34–18–10–14 only when two conditions have been met: 1) a party, attorney, or panelist has failed to act as required by Indiana Code chapter 34–18–10 and 2) good cause has not been shown for the failure to act.

Petitioners place emphasis on the fact that 470 days elapsed between Adams's last action on the case and Petitioners' motion to dismiss. To the extent Petitioners argue this failure to prosecute constitutes a failure to act as required by Indiana Code chapter 34–18–10, we note there is nothing in the chapter stating that failure to prosecute alone is a sufficient basis for relief under Indiana Code section 34–18–10–14. Thus, although "it is not a defendant's duty to prosecute a plaintiff's cause of action," *Rivers v. Methodist Hosps., Inc.,* 654 N.E.2d 811, 815 (Ind.Ct. App.1995), it is also not this court's duty to engraft a requirement onto the statute that the legislature did not articulate, *Kanach v. Rogers,* 742 N.E.2d 987, 989 (Ind. Ct.App.2001). This is particularly relevant in the context of Indiana Code section 34–18–10–14 and Trial Rule 41(E). Because Trial Rule 41(E) is referenced elsewhere in the act, see Ind.Code § 34–18–8–8, we must assume that if the legislature wanted to incorporate a failure to prosecute requirement similar to Trial Rule 41(E) into Indiana Code chapter 34–10–14, it would have so stated. With this distinction in mind, we turn to Adams's argument.

## II. Dismissal Under Indiana Code Section 34–18–10–14

Adams argues the trial court abused its discretion in dismissing his proposed complaint.

### A. Standard of Review

■ We review the dismissal of a proposed complaint under the Act for an abuse of discretion. *Beemer v. Elskens,* 677 N.E.2d 1117, 1119 (Ind.Ct.App.1997), *trans. denied.* An abuse of discretion exists where the trial court's decision is clearly against the logic and effect of the facts and circumstances before it or the reasonable, probable, and actual deductions to be drawn therefrom. *Id.* at 1120.

### B. Trial Court's Dismissal

Adams argues the trial court abused its discretion in dismissing his proposed complaint under Indiana Code section 34–18–10–14 because, given the procedural posture of the case, nothing in Indiana Code chapter 34–18–10 required him to take action. We reiterate that a trial court cannot grant relief under Indiana Code section 34–18–10–14 unless two conditions have been met: 1) a party, attorney, or panelist has failed to act as required by Indiana Code chapter 34–18–10 and 2) good cause has not been shown for the failure to act.

Several sections of Indiana Code chapter 34–18–10 require action, and the failure to take action under any of these sections may be grounds for relief under Indiana Code section 34–18–10–14. For example, the parties must promptly submit their documentary evidence to the medical review panel, Ind.Code § 34–18–10–17(a), must participate in the selection of a panel chairman, Ind.Code § 34–18–10–4(1), and, if the chairman establishes a schedule for submission of evidence under Indiana Code section 34–18–10–3(c), the parties must comply with that schedule, *Galindo v. Christensen,* 569 N.E.2d 702, 705 (Ind. Ct.App.1991) ("Implicit in [Indiana Code section 34–18–10–3(c) ] is the corresponding duty upon the parties to comply with the schedule, if one is set by the chair...."). Our research reveals that in nearly every case where this court affirmed the trial court's dismissal under Indiana Code section 34–18–10–14, the complainant's failure to act pertained to evidentiary submissions to the medical re-

view panel. *See Beard v. Dominguez,* 847 N.E.2d 1054, 1055–56 (Ind.Ct.App.2006), *trans. denied, cert. denied,* —— U.S. ——, 127 S.Ct. 1286, 167 L.Ed.2d 105 (2007); *Rambo v. Begley,* 796 N.E.2d 314, 316 (Ind.Ct.App.2003); *Gleason v. Bush,* 689 N.E.2d 480, 482 (Ind.Ct.App.1997); *Jones,* 656 N.E.2d at 1195–96; *Blackden v. Kaufman,* 611 N.E.2d 663, 664–65 (Ind.Ct.App. 1993), *trans. denied; Ground,* 576 N.E.2d at 612–13; *Galindo,* 569 N.E.2d at 703–04; *cf. Rivers v. Methodist Hosps., Inc.,* 654 N.E.2d 811, 815 (Ind.Ct.App.1995) (affirming trial court's dismissal of complainant's proposed complaint based on complainant's failure to prosecute, failure to participate in discovery, and failure to participate in selection of the medical review panel). In other words, and although not stated explicitly in each case, the complainants in these cases failed to act as required by Indiana Code chapter 34–18–10, thereby meeting the first condition for a trial court to grant relief under Indiana Code section 34–18–10–14.

 Here, the trial court made three findings regarding Adams's failure to act: 1) Adams could have requested that the chairman rule on his pending objection to Petitioners' striking of Dr. Isch; 2) Adams could have petitioned the trial court to compel the chairman to take action pursuant to Indiana Code section 34–18–10–10; and 3) Adams could have corresponded with the chairman or opposing counsel, or both, regarding the status of the selection process. Although we agree with the trial court that Adams *could have* taken such action, nothing in Indiana Code chapter 34–18–10 *required* him to do so. Absent a finding that Adams was required to act

under Indiana Code chapter 34–18–10, the first condition for granting relief under Indiana Code section 34–18–10–14 was not met.

Nor does our review of the record indicate Adams was required to act within the meaning of Indiana Code section 34–18–10–14. Instead, our review indicates the chairman was the only party who was required to act. Because Petitioners had twice struck Adams's nominations, the chairman was required, within ten days, to "appoint a panel consisting of three (3) qualified panelists," from which the parties would each strike one panelist and the remaining panelist would serve. Ind.Code § 34–18–10–10. The trial court acknowledged this in its dismissal order, finding that "[b]oth parties agreed that once the Panel Chairman received [Adams's] Notice Of Objection, it was the Panel Chairman's responsibility to appoint a new panel member." [7] Appellant's App. at 9. Accordingly, because neither the trial court's findings nor our review of the record indicate that Adams was required to act, we conclude that the trial court's dismissal of Adams's proposed complaint under Indiana Code section 34–18–10–14 was an abuse of discretion.

### III. Procedure on Remand

We note in closing that our decision does not create a stalemate on remand. The Act's provisions were just as capable of moving the panel member selection process along when the process stopped as they will be on remand. Specifically, we refer back to the trial court's findings that, under Indiana Code section 34–18–10–14, Adams could have compelled the chairman

---

7. The trial court's finding slightly mischaracterizes the chairman's role. The chairman was not required to select a panel member, but to "appoint a panel consisting of three (3) qualified panelists," from which the parties would each strike one panelist and the remaining panelist would serve. *Id.* Regardless, Petitioners understood the chairman's role because when they struck Adams's second nominee, they requested that the chairman "establish a striking panel for [Adams's] nominee." Appellant's App. at 146.

to take action. Indiana Code section 34–18–10–14 not only permits Adams to compel the chairman to take action, but also permits Petitioners to do the same. Thus, if Adams is unwilling to compel the chairman to "appoint a panel consisting of three (3) qualified panelists," nothing in Indiana Code section 34–18–10–14 prevents Petitioners from petitioning the trial court to compel the chairman to act. Ind.Code § 34–18–10–10. Finally, if neither party is willing to compel the chairman to take action, after two years of inaction, Petitioners can file a motion with the Commissioner requesting that the Commissioner file a motion to dismiss in Marion county circuit court under Trial Rule 41(E). *See* Indiana Code § 34–18–8–8.

### Conclusion

The trial court abused its discretion when it dismissed Adams proposed complaint. Accordingly, we reverse and remand for further proceedings consistent with this opinion.

Reversed and remanded.

VAIDIK, J., and BRADFORD, J., concur.