Chuck W. ADAMS, Appellant–
Respondent,

v.

Mauro CHAVEZ, M.D., and Prison
Health Services, Appellees–
Petitioners.

No. 77A01–0605–CV–221.

Court of Appeals of Indiana.

Dec. 17, 2007.

Chuck W. Adams, Bunker Hill, IN, pro se.

David D. Becsey, Zeigler Cohen & Koch, Indianapolis, IN, Attorney for Appellees.

**OPINION ON REHEARING**

ROBB, Judge.

In *Adams v. Chavez*, 874 N.E.2d 1038, 1043 (Ind.Ct.App.2007) ("*Adams II*"), we held that Indiana Code section 34–18–10–14 permits a trial court to grant relief when two conditions have been met: 1) a party, attorney, or panelist has failed to

act as required by Indiana Code chapter 34–18–10; and 2) good cause has not been shown for the failure to act. Applying this holding, we concluded the trial court abused its discretion when it dismissed Adams's proposed medical malpractice complaint because neither its findings of facts and conclusions of law nor our review of the record indicated that Adams had failed to act as required by Indiana Code chapter 34–18–10. *Id.* at 1043–44. Appellees Mauro Chavez, M.D., and Prison Health Services of Indiana, LLC, (collectively, "Petitioners") have filed a petition for rehearing, which we grant for the limited purpose of clarifying several issues. However, we affirm our original opinion in its entirety.

■ Petitioners' first argument is that we erred when we concluded the trial court improperly dismissed Adams's complaint because the law of the case doctrine prevented this court from addressing whether Adams was required to act. This court has explained when the law of the case doctrine applies to subsequent appeals such as this one:

> Under the law of the case doctrine, an appellate court's determination of a legal issue is binding both on the trial court on remand and the appellate court on a subsequent appeal, given the same case with substantially the same facts. All issues decided directly or implicitly in a prior decision are binding on all subsequent portions of the case. The doctrine merely expresses the practice of courts generally to refuse to reopen what has been decided. The doctrine is based upon the sound policy that when an issue is once litigated and decided, that should be the end of the matter.

*Humphreys v. Day,* 735 N.E.2d 837, 841 (Ind.Ct.App.2000) (citations omitted), *trans. denied.* To support their argument that the doctrine applies, Petitioners contend that in a previous decision, *Adams v. Chavez,* No. 77A05–0411–CV–632, slip op. at 7–8, 834 N.E.2d 233 (Ind.Ct.App., Aug.23, 2005) ("*Adams I*"), "[t]his Court remanded for the sole purpose of providing Mr. Adams with an evidentiary hearing so that he could present pertinent evidence why his (in)action, and the delay in the medical review panel proceeding, was excused for good cause." Petition for Rehearing at 1. Because "[t]he matter was remanded simply to allow Mr. Adams the opportunity to demonstrate good cause," *id.* at 4, Petitioners contend the *Adams I* court concluded that Adams was required to act and the law of the case doctrine therefore precludes relitigation of this issue.

The *Adams I* court made the following concluding observations regarding the propriety of the trial court's dismissal of Adams's proposed complaint:

> Thus, the trial court has subject-matter jurisdiction over the question of sanctions and it has the authority to impose sanctions, including dismissal, in the exercise of its sound discretion. [*Galindo v. Christensen,* 569 N.E.2d 702, 706 (Ind.Ct.App.1991).] However, prior to imposing sanctions, the trial court must conduct a hearing on the question of the propriety of a sanction as well as the appropriate sanction. *Id.* Once the trial court has held a hearing and determined to impose the sanction of dismissal for noncompliance with reasonable procedural requirements, it is incumbent upon the plaintiff to demonstrate why the trial court should have been required to rule differently as a matter of law. *Blackden v. Kaufman,* 611 N.E.2d 663[ ] (Ind.Ct.App.1993), *trans. denied.*
>
> Here, as in *Galindo,* no evidentiary hearing was held. Rather brief ex parte argument was heard. Adams, having no notice prior to the hearing of the denial of his motion to transport, or for telephonic participation, did not submit an affidavit or other evidentiary material.

In the absence of pertinent evidence, there has been no determination of the cause of the delay in the medical review panel proceedings. We cannot conclude that the mere lapse of time, without more, equates to intentional noncompliance with the [Medical Malpractice] Act and justifies the ultimate sanction of dismissal with prejudice. Accordingly, we reverse the judgment dismissing the proposed complaint with prejudice, and remand for hearing.

*Adams I,* slip op. at 8. Based on these observations, we are not convinced the *Adams I* court's opinion explicitly or implicitly concluded that Adams was required to act. Moreover, our review of the record indicates that during the hearing on remand, Adams repeatedly argued to the trial court that he was not required to act within the meaning of Indiana Code chapter 34–18–10. *See* Transcript at 7, 8–9, 10, 16; *see also id.* at 14 (Adams arguing "that the only duty anybody's bound by at this moment, under I.C. 34–18–10–14 is ... the chairman"). The trial court acknowledged Adams's argument when it stated in its findings of facts and conclusions of law that Adams "claims he took no further action because the Panel Chairman failed to act in accordance with Indiana statutes." Appellant's Appendix at 9. Thus, to the extent application of the law of the case doctrine is grounded in notions of fundamental fairness, *see Wedel v. Am. Elec. Power Serv. Corp.,* 839 N.E.2d 1236, 1247 (Ind.Ct.App.2005), *aff'd on reh'g,* 845 N.E.2d 170, *trans. denied,* we do not think it is unfair to refuse to apply the doctrine to an issue that was brought to the trial court's attention.

Petitioners' second argument is that we erred when we concluded the trial court abused its discretion because we did not attempt to affirm the trial court's decision on any sustainable basis.[1] We agree with Petitioners that in reviewing the propriety of a trial court's decision to dismiss a complaint, this court is obligated to affirm on any sustainable basis found in the record. *See Munster v. Groce,* 829 N.E.2d 52, 57–58 (Ind.Ct.App.2005). Although we did not state this proposition in our standard of review, we nevertheless applied it. After concluding that the trial court's findings of fact do not support a conclusion that Adams was required to act, we stated, "Nor does our review of the record indicate Adams was required to act within the meaning of Indiana Code section 34–18–10–14. Instead, our review indicates the chairman was the only party who was required to act." *Adams II,* 874 N.E.2d at 1044. In light of this statement, we fail to see how we did not attempt to affirm the trial court's decision on any sustainable basis found in the record.

We grant Petitioners' petition for rehearing for the limited purpose of clarifying the issues discussed above and affirm our original opinion in its entirety.

VAIDIK, J., and BRADFORD, J., concur.

---

1. Petitioners also argue we erred because our conclusion was based on an interpretation of the trial court's findings of facts and conclusions of law, but the trial court was not required to issue findings and conclusions. Petitioners have not explained why this constitutes error, and our reading of this argument indicates it is merely a reiteration of their argument that we did not attempt to affirm the trial court's decision on any sustainable basis. *See* Pet. for Reh'g at 5 ("Here, no request was made for special findings and none were required. Thus the findings of the trial court were to be treated as general, and if the action of the trial court is sustainable on any theory, it must be affirmed.") (quotation marks omitted).