Keith M. RAMSEY, M.D., Appellant–Petitioner,

v.

Shella MOORE, Appellee–Respondent,

The Methodist Hospitals, Inc., Cross–Appellant/Cross–Petitioner.

No. 45A05–1005–CT–308.

Court of Appeals of Indiana.

Dec. 15, 2010.

Publication Ordered Feb. 4, 2011.

Transfer Granted May 13, 2011.

Daniel A. Gioia, Chad J. Melchi, Burke Constanza & Cuppy, Valparaiso, IN, Attorneys for Appellant.

Stephen A. Tyler, Johnson & Bell, Ltd., Merrillville, IN, Attorney for Cross–Appellant Methodist Hospitals, Inc.

I. Peter Polansky, Polansky & Cichon, Chicago, IL, Attorney for Appellee.

## OPINION

BAKER, Chief Judge.

Appellant-petitioner Keith M. Ramsey, M.D., appeals the trial court's refusal to dismiss respondent-appellee Sheila Moore's medical malpractice claim against him because the evidence demonstrated that Moore failed to establish good cause for not tendering a timely submission of her claim to the medical review panel. Cross-petitioner, cross-appellant Methodist Hospitals, Inc. (Methodist Hospital) also appeals, contending that the trial court erred in denying its motion to dismiss Moore's proposed medical malpractice complaint against it for the same reasons. Moore also cross-appeals and maintains that we should dismiss this appeal because the trial court's order denying the motions to dismiss Moore's claims is not a final judgment.

We conclude that the trial court's order that is the subject of this appeal is a final appealable judgment. Moreover, although we conclude that the trial court properly denied Methodist Hospital's motion to dismiss, we find that Dr. Ramsey's motion to dismiss should have been granted. Thus, we affirm in part, reverse in part, and remand this cause for further proceedings consistent with this opinion.

## FACTS

On August 4, 2006, Moore, as personal representative of the estate of Chreshonda Clark, filed a complaint against Dr. Ramsey and Methodist Hospital with the Indiana Department of Insurance (Department of Insurance). The complaint alleged that both defendants committed medical malpractice that proximately caused Clark's death on November 6, 2004.

Count I of the complaint alleged that Dr. Ramsey admitted Clark to Methodist Hospital on October 27, 2004, "to deliver a demised child via cesarean section." Appellant's App. p. 25. Although Clark was subsequently discharged from the hospital, she returned to the emergency room five days later, complaining of pain, nausea, and vomiting. The physicians determined that Clark was suffering from hemolysis, elevated enzyme levels, and a low platelet count (HELLP). After Clark was transferred to Methodist Hospital in Indianapolis on November 4, 2004, she died two days later. Moore alleged that Methodist Hospital was negligent in failing to properly diagnose and treat Clark's HELLP syndrome. Count II alleged that Dr. Ramsey's failure to properly diagnose and treat Clark proximately caused her death.

On January 9, 2008, G. Anthony Bertig was appointed to serve as panel chairman of the medical review panel. Thereafter, the parties engaged in written discovery and the process of selecting the members of the medical review panel.

On July 23, 2008, after the final panel member was selected, Chairman Bertig established a schedule that included a deadline of September 28, 2008, for receipt of a panel submission from Moore. Chairman Bertig also certified the medical review panel with the Department of Insurance on July 23, 2008. Moore did not object to those deadlines. In accordance with the schedule, the medical review panel's opinion was required to be rendered on or before January 19, 2009.[1]

Moore did not tender a panel submission before September 28, 2008, and she did not request an extension of the deadline with the Department of Insurance. Moore also

---

1. In accordance with Indiana Code section 34–18–10–13(2), the medical review panel shall give its expert opinion within one hundred eighty (180) days after the selection of the last member of the initial panel.

did not seek an extension of the January 19, 2009, deadline for the rendering of the medical review panel opinion.

On November 26, 2008, Moore's counsel sent letters to the attorneys for Dr. Ramsey and Methodist Hospital, seeking "an extension of [the submission] deadline so as to conduct oral discovery prior to filing her submission." Appellant's App. p. 129. On January 30, 2009, Methodist Hospital purportedly agreed to grant Moore an additional sixty days to tender a panel submission, to and including March 31, 2009, regarding the claims against it. More specifically, Methodist Hospital's response to Moore's request provided that

> On November 26, 2008—after the deadline for plaintiff's submission—you wrote to Mr. Gioia and me requesting certain depositions. I inadvertently failed to respond to that letter until now.
>
> . . .
>
> Please be advised that, unless plaintiff tenders her panel submission within 60 days, the hospital will file a Chapter 11 action with the court requesting this matter to be dismissed.

Appellant's App. p. 130.

Although Dr. Ramsey was not a party to that agreement, Moore's counsel submitted an affidavit, claiming that during a conversation with Methodist Hospital's counsel, she "was informed that all defendants were in agreement with said 60 day extension of time." Appellant's App. p. 131. However, Dr. Ramsey's counsel sent Moore's attorney an email on February 2, 2009, indicating that "our clients have not authorized us to 'waive' or extend [the] deadline; nor will they permit us to participate in any discovery, as requested." *Id.* at 147. Moore's counsel claimed in her affidavit that she "never received [Dr. Ramsey's counsel's] purported 2/2/09 objection to the aforementioned 60 day ex-

tension of time" that was allegedly emailed to her. *Id.*

On March 16, 2009, Dr. Ramsey filed a complaint and motion for preliminary determination of law in the trial court. Dr. Ramsey sought to dismiss Moore's proposed complaint in the medical malpractice action because she had failed to tender her panel submission in accordance with the established deadlines. Thereafter, Methodist Hospital joined in Dr. Ramsey's request for relief and filed a cross-complaint and motion for preliminary determination of law.

On March 25, 2009, Moore tendered her panel submission. That same day, Methodist Hospital filed a cross-petition for preliminary determination and motion to dismiss, adopting by reference, the petition and memorandum of law that Dr. Ramsey had filed. Methodist Hospital sought dismissal of Moore's complaint because Moore had failed to tender her panel submission in a timely manner.

In response, Moore filed a joint response to the motions to dismiss on February 5, 2010. Moore claimed that Methodist Hospital had granted her an extension of time to tender a panel submission. Moore also alleged that she believed that Dr. Ramsey had agreed to the extension.

On February 10, 2010, Dr. Ramsey filed an amended petition for preliminary determination of an issue of law and to dismiss. In his petition, Dr. Ramsey attached a copy of this court's unpublished opinion in *Mosley v. Zabaneh*, No. 45A05–0904–CV–190, 2009 WL 3425366 (Oct. 26, 2009), as evidence of Moore's counsel's improper behavior, wherein an unrelated medical malpractice claim was dismissed because of Moore's counsel's failure to comply with the submission schedule and opinion deadlines.

On February 18, 2010, Moore objected to Dr. Ramsey's amended petition and moved to strike a portion of the pleading. Methodist Hospital filed a reply brief and an affidavit from its counsel denying that he made any representations regarding Dr. Ramsey. Methodist Hospital's counsel asserted that it was his

typical practice, when agreeing to waive or extend the 180–day deadline for the medical review panel's opinion ... to document that agreement in a written stipulation that is signed by all counsel and filed with the Indiana Department of Insurance. The online docket of the Indiana Department of Insurance reflects that no such stipulation has been filed in the underlying medical malpractice case.

Appellant's App. p. 162. Additionally, contrary to Moore's contentions, Methodist Hospital's counsel averred in his affidavit that there was "*no* telephone conversation with [Moore's counsel] ... regarding a request for additional time in which to tender Moore's panel submission." *Id.* at 161 (emphasis in original).

At a hearing that commenced on April 20, 2010, evidence was presented establishing Moore's noncompliance with the submission schedule and panel opinion deadline. Moore relied on the January 30, 2009, agreement with Methodist Hospital to extend the deadlines as the explanation for noncompliance.

On May 11, 2010, the trial court entered an order denying Dr. Ramsey and Methodist Hospital's motions to dismiss the complaint. They now appeal, and Moore cross-appeals.

### DISCUSSION AND DECISION

#### I. Cross–Appeal

■ We first address Moore's cross-appeal. Moore argues that this appeal should be dismissed because the order that the trial court entered on May 11, 2010, is not a final judgment in accordance with Indiana Appellate Rule 2(H). In the alternative, Moore asserts that the appellants failed to obtain certification of the order from the trial court pursuant to Indiana Appellate Rule 14(B)(1), which pertains to interlocutory appeals.

In resolving this issue, we initially observe that Indiana Appellate Rule 2(H) provides that

A judgment is a final judgment if:

(1) it disposes of all claims as to all parties;

(2) the trial court in writing expressly determines under Trial Rule 54(B) or Trial Rule 56(C) that there is no just reason for delay and in writing expressly directs the entry of judgment (i) under Trial Rule 54(B) as to fewer than all the claims or parties, or (ii) under Trial Rule 56(C) as to fewer than all the issues, claims or parties;

(3) it is deemed final under Trial Rule 60(C);

(4) it is a ruling on either a mandatory or permissive Motion to Correct Error which was timely filed under Trial Rule 59 or Criminal Rule 16; or

(5) it is otherwise deemed final by law.

In this case, the trial court's order denying Methodist Hospital and Dr. Ramsey's petition for preliminary determination to dismiss ultimately disposed of the issue as to whether Moore could proceed to the medical review panel. In accordance with Indiana Code section 34–18–10–1 et seq. (Medical Malpractice Act), a motion for preliminary determination is filed as an independent proceeding to preliminarily determine an issue or fact that may be decided by the trial court before the claim proceeds to panel review. In particular,

Indiana Code section 34–18–11–1 provides that

(a) A court having jurisdiction over the subject matter and the parties to a proposed complaint filed with the commissioner under this article may, upon the filing of a copy of the proposed complaint and a written motion under this chapter, do one (1) or both of the following:

(1) preliminarily determine an affirmative defense or issue of law or fact that may be preliminarily determined under the Indiana Rules of Procedure; or

(2) compel discovery in accordance with the Indiana Rules of Procedure.

(b) The court has no jurisdiction to rule preliminarily upon any affirmative defense or issue of law or fact reserved for written opinion by the medical review panel under IC 34–18–10–22(b)(1), IC 34–18–10–22(b)(2), and IC 34–18–10–22(b)(4).

(c) The court has jurisdiction to entertain a motion filed under this chapter only during that time after a proposed complaint is filed with the commissioner under this article but before the medical review panel gives the panel's written opinion under IC 34–18–10–22.

(d) The failure of any party to move for a preliminary determination or to compel discovery under this chapter before the medical review panel gives the panel's written opinion under IC 34–18–10–22 does not constitute the waiver of any affirmative defense or issue of law or fact.

When considering the above, it is apparent that the trial court has fully and effectively adjudicated the issue before it, i.e., whether Moore complied with the statutory requirements of the Medical Malpractice Act set forth in Indiana Code sections 34–18–10–17(a) and –3(c). In filing the petition for preliminary determination, Dr. Ramsey and Methodist Hospital requested that the trial court strictly interpret the language embodied in the Medical Malpractice Act and impose the sanction of dismissal for her noncompliance.

The trial court's order of May 11, 2010, denied the motions to dismiss and compelled Dr. Ramsey and Methodist Hospital to participate in the medical review panel process, thus affecting their substantive rights. In other words, the trial court's order adjudicated claims of right separate from—and collateral to—the rights that the medical review panel will determine. As a result of the trial court's ruling, Dr. Ramsey and Methodist Hospital are now effectively foreclosed from raising Moore's alleged violation of the statutory provisions. And in denying the petitions, the trial court passed the merits of the case on to the review panel.

For these reasons, we conclude that the trial court's denial of Methodist Hospital and Dr. Ramsey's motion to dismiss is a final judgment that is appealable of right. Thus, Moore's contentions on cross-appeal fail.[2]

## II. Appeal on the Merits

Dr. Ramsey and Methodist Hospital contend that the trial court abused its discretion in denying their motions to dismiss the complaint. Both appellants contend that Moore's complaint should have been dismissed because she did not establish good cause in failing to tender a timely

**2.** In light of our conclusion that the trial court's order constituted a final judgment for the purpose of pursuing an appeal, we need not discuss whether Dr. Ramsey and Methodist Hospital failed to have the order certified in accordance with Indiana Appellate Rule 14(B)(1).

evidentiary submission to the medical review panel.

### A. Standard of Review

Whether a plaintiff should be sanctioned for his or her failure to submit evidence to the medical review panel in a timely manner is a question of law and fact that may be preliminarily determined by the trial court in the exercise of its discretion after a hearing. *Galindo v. Christensen*, 569 N.E.2d 702, 705 (Ind.Ct.App. 1991). In other words, decisions as to whether to dismiss a proposed complaint under the Medical Malpractice Act are reviewed for an abuse of discretion. *Beemer v. Elskens*, 677 N.E.2d 1117, 1119 (Ind.Ct.App.1997). An abuse of discretion exists when the trial court's decision is clearly against the logic and effect of the facts and circumstances before it or the reasonable, probable, and actual deductions to be drawn therefrom. *Id.* at 1120.

### B. Discussion

Under the Medical Malpractice Act, a claim for malpractice must first be presented to a medical review panel and an opinion must be rendered by the panel. Once a panel is formed and the evidence presented by the parties is reviewed, an opinion is rendered within 180 days. I.C. § 34–18–10–13(2). However, if no opinion has been issued within 180 days, the Medical Malpractice Act does not mandate dismissal or act as an absolute bar to litigants from pursuing their claim. *Beemer*, 677 N.E.2d at 1119. As we observed in *Rambo v. Begley*, 796 N.E.2d 314, 320 (Ind.Ct. App.2003), "the 180–day time period for the medical review panel's decision is not a statute of limitation or the functional equivalent of one."

There are three ways that a trial court can grant relief before the medical review panel has issued its opinion, one of which is relevant here:

A party, attorney, or panelist who fails to act as required by this chapter without good cause shown is subject to mandate or appropriate sanctions upon application to the court designated in the proposed complaint as having jurisdiction.

I.C. § 34–18–10–14; *see also Adams v. Chavez*, 874 N.E.2d 1038, 1043 (Ind.Ct. App.2007), *clarified on reh'g*, 877 N.E.2d 1246. Thus, a trial court cannot grant relief under this statute unless two conditions have been met: (1) a party, attorney, or panelist has failed to act as required by Indiana Code chapter 34–18–10 and (2) good cause has not been shown for the failure to act. *Id.* Moreover, as we observed in *Beemer*:

Dismissals are generally viewed in disfavor and considered extreme remedies which should be granted only under limited circumstances.... The sanction of dismissal or default is obviously more drastic and severe than other available sanctions. Because the law favors the disposition of cases on their merits, the imposition of these sanctions is appropriate only under limited circumstances or in extreme situations.

677 N.E.2d at 1119. In exercising discretion as to what sanctions should be imposed when a party fails to comply with the Medical Malpractice Act, the trial court should consider whether the breach of duty was intentional or contumacious and whether prejudice resulted. *Rivers v. Methodist Hosp., Inc.*, 654 N.E.2d 811, 815 (Ind.Ct.App.1995). A plaintiff's failure to prosecute, alone, is not a sufficient basis for relief under Indiana Code section 34–18–10–14. *Adams*, 874 N.E.2d at 1043.

To illustrate, in *Beemer*, we reversed the trial court's dismissal of the plaintiffs' medical malpractice complaint. The evidence established that four days after the

submission deadline, the plaintiffs' counsel contacted the chairman of the medical review panel and advised that while the submission was near completion, he was involved in an unrelated jury trial that was expected to last two weeks. Counsel explained that he had worked on the case for at least three weeks before the trial was scheduled to commence. The evidence verified counsel's involvement in the jury trial during that period of time.

We also found that the chairman implicitly granted counsel's request for the extension of time. *Id.* at 1120. Moreover, there was no showing that the plaintiffs submitted their evidence in a dilatory fashion, and there was no history of repeated failures to comply with submission deadlines. Finally, we noted that there was no evidence demonstrating that the plaintiffs were ever prodded by either the chairman or the defendant doctor to make their submission. *Id.* at 1120–21.

Also, in *Adams,* an inmate brought a medical malpractice action against several healthcare providers. The trial court granted the defendants' motion to dismiss under Indiana Code section 34–18–10–14, based upon allegations that that 470 days had elapsed since any action had been taken in the case. In reversing the dismissal, we noted that

> To the extent Petitioners argue this failure to prosecute constitutes a failure to act as required by Indiana Code chapter 34–18–10, we note there is nothing in the chapter stating that failure to prosecute alone is a sufficient basis for relief under Indiana Code section 34–18–10–14. Thus, although "it is not a defendant's duty to prosecute a plaintiff's cause of action," it is also not this court's duty to engraft a requirement onto the statute that the legislature did not articulate.

874 N.E.2d at 1043.

In this case, the evidence shows that Moore failed to submit her evidence to the medical review panel pursuant to Indiana Code section 34–18–10–3(c) and 17(a). Chairman Bertig established that Moore's submission was due on September 28, 2008. Instead, Moore's counsel requested deposition discovery via correspondence on November 23, 2008, which was nearly two months after the overdue panel submission was due.

Even though it is undisputed that the extension that Methodist Hospital granted was communicated eleven days after the 180–day deadline for the panel opinion had expired, we cannot say that Moore's failure to tender a timely submission warrants an automatic dismissal of the complaint, *Id.* at 1043. In our view, the trial court could reasonably conclude that the letter of January 30, 2009, from Methodist Hospital's counsel explains why Moore did not tender her panel submission between January 30, when the letter was sent, and March 25, when Moore's panel submission was finally served. Because we favor the disposition of cases on their merits and view dismissals in disfavor, we decline to hold that the trial court abused its discretion in denying Methodist Hospital's motion to dismiss the complaint in these circumstances.

■ The same does not hold true, however, with regard to Dr. Ramsey. The waiver of the deadlines pursuant to the agreement that Moore had with Methodist Hospital only affects the viability of Moore's claims that she asserted against it. There is no evidence demonstrating that Methodist Hospital had the authority to grant an extension or waiver on Dr. Ramsey's behalf. And it was not Dr. Ramsey's burden to contact Moore in the first instance to encourage her to file her panel submission or to schedule a deposition.

In our view, Moore was simply not justified in assuming that Dr. Ramsey was a

party to the extension of time that Methodist Hospital offered. If Moore desired an extension from Dr. Ramsey, she should have contacted the panel chair or secured additional time directly from Dr. Ramsey's counsel. Moreover, even assuming that Moore's counsel did not receive the emailed objection from Dr. Ramsey regarding the proposed extension, it is undisputed that Moore never contacted Dr. Ramsey's counsel to confirm his agreement to Methodist Hospital's extension of the panel submission. And from this record, we can only surmise that had Moore attempted such communication, Dr. Ramsey would have reiterated his denial of the extension and waiver of the deadlines.

Thus, Moore failed to establish good cause within the meaning of the statutes and her submission with regard to Dr. Ramsey was not timely. As a result, we must conclude that the trial court erred in denying Dr. Ramsey's motion to dismiss the complaint.

The judgment of the trial court is affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.

BAILEY, J., concurs.

RILEY, J., concurs in result with opinion.

RILEY, Judge, concurring in result with opinion.

While I agree with the majority in result, *i.e.*, that the trial court properly denied Methodist Hospital's motion to dismiss but improperly denied Dr. Ramsey's motion, I cannot agree with the majority's characterization of the trial court's order as a "final judgment" pursuant to Ind. Appellate Rule 2(H). "A final judgment disposes of all issues as to all parties to the full extent of the court to dispose of the same, and puts an end to the particular case as to all of such parties and all of such issues." *Bueter v. Brinkman,* 776 N.E.2d 910, 912 (Ind.Ct.App.2002). A final judgment reserves no further question or direction for future determination. *Id.*

The disposition in this case was not final. Although the limited preliminary determination action in the trial court was concluded by the trial court's order, the medical malpractice action itself continues. As such, the trial court's order serves as a direction for a future determination and cannot be considered a final judgment.

## ORDER

On December 15, 2010, the Court handed down its opinion in this appeal marked Memorandum Decision, Not for Publication. The Appellant, by counsel, has filed a Motion to Publish Not for Publication Memorandum Decision.

Having considered the matter, the Court FINDS AND ORDERS AS FOLLOWS:

1. The Appellant's Motion to Publish is GRANTED and this Court's opinion heretofore handed down in this cause on December 15, 2010, marked Memorandum Decision, Not for Publication now ORDERED PUBLISHED.

BAKER, RILEY, BAILEY, JJ., concur.