**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

May 30 2012, 8:44 am

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**THEODORE L. STACY**
Valparaiso, Indiana

ATTORNEYS FOR APPELLEE:

**JANET A. MCSHARAR**
**STEPHEN E. ARTHUR**
**ALBERT BARCLAY WONG**
Harrison & Moberly, LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| THE ESTATE OF ROSE GRAVES, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 45A03-1112-CT-560 |
| | ) | |
| ANONYMOUS NURSING HOME, | ) | |
| | ) | |
| Appellee-Defendant. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Diane Kavadias Schneider, Judge
Cause No. 45D01-0811-CT-87

**May 30, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

The Estate of Rose Graves ("Estate") appeals the trial court's grant of a motion to dismiss its complaint against Anonymous Nursing Home ("Nursing Home"). We affirm.

**Issue**

The Estate raises one issue, which we restate as whether the trial court properly dismissed the Estate's complaint against the Nursing Home.

**Facts**

On November 3, 2008, the Estate filed a proposed medical malpractice complaint against the Nursing Home with the Indiana Department of Insurance ("IDOI"). The Estate also filed an identical complaint against the Nursing Home in Lake Superior Court on November 10, 2008.

On November 12, 2008, the IDOI determined that the Nursing Home was not a qualified provider under the Indiana Medical Malpractice Act ("Act"). Thus, the action proceeded in the trial court. On November 20, 2008, the Nursing Home served the Estate with interrogatories and requests for production in that action.

On June 11, 2009, the IDOI reversed its earlier determination and found that the Nursing Home was, in fact, a qualified provider under the Act. The Nursing Home then filed a motion to stay the trial court proceedings, and the trial court granted the motion on July 10, 2009. The trial court stayed the proceedings "until a medical review panel issues its opinion except for actions pursued under Ind. Code § 34-18-8-8 or Ind. Code § 34-18-11." Appellee's App. p. 19.

2

In April 2011, the Nursing Home filed a motion for preliminary determination. In support of its motion, the Nursing Home argued that the Estate had failed to respond to its November 2008 discovery request and that it was entitled to dismissal of the trial court action and the proposed complaint before the IDOI pursuant to Indiana Trial Rule 41(E), Indiana Code Section 34-18-10-14, and Indiana Code Section 34-18-11-1(a)(1). In April 2011, the Estate responded by stating that it anticipated responding to the discovery within the next thirty to sixty days and requesting a case management conference with the trial court "in order to obtain a trial date and cut off dates of this case so that the case may proceed on its merits." Appellant's App. p. 45. The Estate also filed a supplemental response on June 8, 2011. The Estate argued that the Nursing Home had failed to comply with Indiana Trial Rule 26(F) and that it had responded to the discovery requests on May 31, 2011. The Nursing Home filed a reply and argued that it had complied with Indiana Trial Rule 26(F) and that the Estate's discovery responses were "wholly inadequate so as to constitute no response," and "woefully late." Id. at 49-50. The Nursing Home also alleged that the Estate had "not served discovery upon [the Nursing Home] nor begun the medical review panel formation process." Id. at 50.

At a hearing on the matter, the Estate's counsel admitted that "[t]here's never been a panel chairman named." Tr. p. 8. When questioned by the trial court as to why the medical review panel process had not proceeded, the Estate's counsel said, "I don't know." Id. at 11. The trial court granted the Nursing Home's motion for preliminary determination and dismissed the Estate's action. The trial court found that "[n]o actions were taken to create a Medical Review Panel pursuant to the Indiana Medical

3

Malpractice Act," that the discovery responses were extremely late, and the discovery responses were inadequate. Appellant's App. p. 13. The trial court concluded that the Nursing Home had followed Indiana Trial Rule 26(F), that "there has been no showing of good cause for the delay in implementing the medical review panel process," and that "there has been no showing of good cause for the failure to properly respond to discovery." Id. at 15. The Estate now appeals.

**Analysis**

The issue is whether the trial court properly dismissed the Estate's claim against the Nursing Home. We review the dismissal of a proposed complaint under the Medical Malpractice Act for an abuse of discretion. Adams v. Chavez, 874 N.E.2d 1038, 1043 (Ind. Ct. App. 2007), decision clarified on reh'g, 877 N.E.2d 1246 (Ind. Ct. App. 2007). An abuse of discretion exists where the trial court's decision is clearly against the logic and effect of the facts and circumstances before it or the reasonable, probable, and actual deductions to be drawn therefrom. Id.

Before addressing the Estate's arguments, we note the relationship between a trial court action and a proposed complaint before the IDOI under the Act. "Before a party brings a medical malpractice action in an Indiana court, the [Act] requires that the proposed complaint be presented to a medical review panel and that the panel render an opinion." Ramsey v. Moore, 959 N.E.2d 246, 250 (Ind. 2012) (citing Ind. Code § 34-18-8-4). "[A] claimant may commence an action in court for malpractice at the same time the claimant's proposed complaint is being considered by a medical review panel." I.C. § 34-18-8-7(a). However, the claimant is prohibited from pursuing the trial court action

4

until the medical review panel has rendered its opinion, and the trial "court is prohibited from taking any action except setting a date for trial, an action under IC 34-18-8-8 . . . , or an action under IC 34-18-11. . . ." Id.

Indiana Code Section 34-18-8-8 allows the IDOI commissioner, on a party's motion or the commissioner's own initiative, to file an action in Marion County Circuit court to dismiss the action under Indiana Trial Rule 41(E) if action has not been taken in the IDOI proceeding for at least two years. Indiana Code Chapter 34-18-11 allows a trial court to: (1) preliminarily determine an affirmative defense or issue of law or fact that may be preliminarily determined under the Indiana Rules of Procedure; or (2) compel discovery in accordance with the Indiana Rules of Procedure. I.C. § 34-18-11-1(a). Additionally, if a party fails to act as required by Indiana Code Chapter 34-18-10 "without good cause shown," the party "is subject to mandate or appropriate sanctions upon application to the court designated in the proposed complaint as having jurisdiction." I.C. § 34-18-10-14. For example, "a defendant may file a motion with the trial court for a preliminary determination on the plaintiff's failure to adhere to the submission schedule, and the defendant may request the sanction of dismissal." Ramsey, 959 N.E.2d at 250.

The Estate argues that the trial court abused its discretion by dismissing the action because: (1) the discovery at issue was sought in the trial court action but the trial court action had been stayed since June 2009; and (2) Indiana Trial Rule 41(E) does not apply

5

to a medical malpractice action pending before the IDOI.[1]  However, the Estate did not present these arguments to the trial court.[2]  Rather, the Estate has raised these arguments for the first time on appeal.  Generally, a party may not raise an issue on appeal that was not raised to the trial court.  McGill v. Ling, 801 N.E.2d 678, 687 (Ind. Ct. App. 2004), trans. denied.

The trial court properly stayed the trial court action in July 2009 after the IDOI determined that the Nursing Home was in fact a Qualified Provider under the Act.  When the Nursing Home filed its motion for preliminary determination in April 2011, arguing that the Estate had failed to respond to the discovery responses from the trial court action, the Estate responded that it needed additional time to respond to the discovery and asked for a case management conference with the trial court "in order to obtain a trial date and cut off dates of this case so that the case may proceed on its merits."  Appellant's App. p. 45.  The Estate later filed a supplemental response, indicating that it had responded to the discovery and that the Nursing Home had failed to comply with Indiana Trial Rule 26(F).  At the hearing, the Estate again did not make any argument that discovery in the trial court action was improper or that Indiana Trial Rule 41(E) was inapplicable.  The Estate

---

[1] In Adams v. Chavez, 874 N.E.2d 1038, 1043 (Ind. Ct. App. 2007), clarified on rehearing, 877 N.E.2d 1246 (Ind. Ct. App. 2007), we recognized significant differences between Indiana Code Section 34-18-10-14 and Indiana Trial Rule 41(E) and determined that failure to prosecute alone was not a sufficient basis for relief under Indiana Code Section 34-18-10-14.  Cf. Rivers v. Methodist Hospitals, 654 N.E.2d 811 (Ind. Ct. App. 1985) (affirming the dismissal of a medical malpractice action due to failure to prosecute, failure to participate in discovery, and failure to participate in the panel formation).  We need not explore the differences between Adams, Rivers, and the current statutory scheme because the Estate did not make this argument to the trial court.

[2] In its reply brief, the Estate argues that it did not waive its arguments because the issue of the stay was raised.  Although the stay was mentioned during the trial court proceedings, the Estate never argued to the trial court that discovery in the trial court action was improper or that Indiana Trial Rule 41(E) was inapplicable.

6

waived these arguments by failing to present them to the trial court. As a result, we cannot say that the trial court abused its discretion by dismissing the Estate's action against the Nursing Home.

## Conclusion

The Estate waived its appellate arguments by failing to present them to the trial court. We affirm the trial court's dismissal of the Estate's medical malpractice action.

Affirmed.

FRIEDLANDER, J., and MAY, J., concur.