ATTORNEY FOR APPELLANT
H. Kennard Bennett
Severns & Bennett, P.C.
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Susan E. Cline
Julia Blackwell Gelinas
Lucy R. Dollens
Locke Reynolds LLP
Indianapolis, Indiana

ATTORNEYS FOR AMICUS CURIAE
UNITED SENIOR ACTION
George Clyde Gray
Daniel L. Robinson
Gray Robinson Ryan & Fox
Indianapolis, Indiana

ATTORNEYS FOR AMICI CURIAE
IND. HEALTH CARE ASSOC., IND. STATE
MEDICAL ASSOC., and HOOSIER
OWNERS AND PROVIDERS FOR THE ELDERLY
Geoffrey Slaugher
John H. Sharpe
Maggie L. Smith
Sommer Barnard Attorneys, P.C.
Indianapolis, Indiana

# In the
# Indiana Supreme Court

No. 49S04-0501-CV-30

DONNA M. SCHRIBER, INDIVIDUALLY AS PERSONAL REPRESENTATIVE OF THE
ESTATE OF EARNEST SCHRIBER, *Appellant (Plaintiff below),*

v.

ANONYMOUS, (EAGLE CARE, INC. D/B/A/ EAGLE VALLEY HEALTHCARE CENTER),
*Appellee (Defendant below).*

Appeal from the Marion Circuit Court, No. 49C01-0204-CT-904
The Honorable Theodore M. Sosin, Judge

On Petition To Transfer from the Indiana Court of Appeals, No. 49A04-0310-CV-514

**April 18, 2006**

**Dickson, Justice.**

The plaintiff in this medical malpractice action seeks appellate review of a trial court order that found the defendant to be a qualified healthcare provider under the Indiana Medical

Malpractice Act. She seeks to pursue her complaint for damages free of the constraints of the Act. The defendant, asserting that two of the three counts of the complaint were not timely and properly filed with the Department of Insurance, seeks to preclude plaintiff from any remedy on these counts. We decline both claims and, as explained below, disagree with the remedy fashioned by the Court of Appeals and find this appeal to be premature.

On February 22, 2000, Earnest L. Schriber, while a resident of Eagle Valley Healthcare Center, suffered severe burns. He was transported to St. Vincent Hospital for treatment, where he was also diagnosed as having pneumonia. He died on April 30, 2000. Thirteen months later, on May 24, 2001, counsel for Schriber's widow, plaintiff Donna Schriber, telephoned the Indiana Department of Insurance to inquire whether "Eagle Valley Healthcare Center," "Eagle Valley Health Care," or "Eaglecare, Inc." were qualified providers under the Indiana Medical Malpractice Act, and was advised that they were not qualified providers. On January 8, 2002, twenty-three months after the alleged occurrence of medical malpractice, this action was commenced by the filing of a two-count complaint for medical malpractice directly in the trial court, without first filing a proposed complaint with the Department of Insurance and obtaining an opinion from a medical review panel, as required by the Indiana Medical Malpractice Act. Ind. Code § 34-18-8-4. The complaint named as defendant "Eagle Care, Inc., d/b/a Eagle Valley Healthcare Center." An amended complaint adding a count for wrongful death was filed on January 29, 2002. On February 22, 2002, the two-year deadline expired for filing claims "stemming from professional services or health care provided based on an alleged act, omission, or neglect." Ind. Code § 34-18-7-2.

On April 1, 2002, the defendant filed a motion to dismiss, declaring that it was a qualified provider under the Act and that the trial court lacked jurisdiction because the claims had not been first presented to a medical review panel. One supporting affidavit, signed by the Office Manager of the Indiana Department of Insurance Patient Compensation Divison on February 23, 2002, asserted that "Eaglecare, Inc., d/b/a Eagle Valley Meadows was a qualified health care provider" under the Act between August 1, 1999, and March 1, 2000. Appellant's App'x at 18. Another, from the Secretary of "Eaglecare, Inc.," represented that the facility known as Eagle Valley Meadows, 3017 Valley Farm Road, Indianapolis, "was formerly known as Eagle Valley

2

Healthcare Center," and that "Eaglecare, Inc. d/b/a Eagle Valley Meadows" was qualified under the Act for the period from August 1, 1999 through March 1, 2000. *Id*. at 19. The defendant asked the trial court to dismiss as time-barred only Counts I and II (the plaintiff's actions as survivor for negligence and negligence *per se*), but the defendant does not make the same claim regarding Count III, for wrongful death, instead stating that Count III "has been timely filed and may proceed before the Indiana Department of Insurance."[1] Defendant's Reply to Plaintiff's Response to Defendant's Motion to Dismiss, Appellee's Suppl. App'x. at 7.

On April 22, 2002, the plaintiff obtained leave to file a second amended complaint identifying the defendant as "Anonymous."[2] The next day, and within two years of the plaintiff's decedent's death, but more than two years after the alleged malpractice, the plaintiff filed a proposed complaint with the Indiana Department of Insurance pursuant to the Medical Malpractice Act, and on April 25, 2002, she filed her second amended complaint with the trial court asserting her claim against an anonymous defendant in accordance with Indiana Code § 34-18-8-7.

After reviewing evidence and hearing arguments of counsel, the trial court made written findings of fact and conclusions of law. Among the conclusions of law, the trial court stated: (a) that Eagle Care, Inc., d/b/a Eagle Valley Healthcare Center was a qualified health care provider under the Act, (b) that actions filed in a trial court "before the prerequisite filing before the Indiana Department of Insurance must be dismissed without prejudice due to a lack of subject matter jurisdiction," and (c) that "dismissal due to lack of subject matter jurisdiction is appropriate." Appellant's App'x. at 9. The plaintiff filed a motion to correct error and, after it was denied, initiated this appeal.

Her appeal has presented two claims: (1) that Eagle Care, Inc., d/b/a Eagle Valley Healthcare Center, was not a qualified health care provider so as to require the plaintiff's claim to be presented in accordance with the Indiana Medical Malpractice Act; and (2) that the procedure

---

[1] We express no opinion in this case regarding the relationship between the limitation periods in the Indiana Wrongful Death Act and the Indiana Medical Malpractice Act.

[2] This designation is prescribed by Ind. Code § 34-18-8-7 when a claimant seeks to initiate a medical malpractice claim in court while simultaneously seeking a review of the same claim by a medical review panel. *See infra* note 3.

3

for a plaintiff to determine whether a facility is a qualified health care provider under the Act violates the Due Course of Law Clause of the Indiana Constitution.

The Court of Appeals reversed. Schriber v. Anonymous, 810 N.E.2d 1119 (Ind. Ct. App. 2004). It noted that Eaglecare, Inc. was the owner of fourteen healthcare facilities, including the one where Ernest Schriber resided when he was injured. Shortly before the day of those injuries, the name of this facility, Eagle Valley Healthcare, was changed to Eagle Valley Meadows. The Court of Appeals discerned that at the time of the claimed injuries, "Eagle Valley Meadows, not Eagle Care Healthcare [sic], was a qualified healthcare provider under the Act." *Id.* at 1124. Emphasizing, however, a lack of evidence that Eaglecare had filed a certificate of assumed name for its business designation of Eagle Valley Healthcare or the designation Eagle Valley Meadows pursuant to Indiana Code § 23-15-1-1, and that Eaglecare had failed to conspicuously post its license for the facility in public view pursuant to Indiana Administrative Code title 410, rule 16.2-3.1-13(n), the Court of Appeals concluded that the plaintiff had no actual or constructive knowledge sufficient to permit it to ascertain the healthcare facility's qualified provider status under the Act. The court therefore concluded that "Eagle Care Healthcare was not a qualified healthcare provider at the time of the incident in question," and held that the trial court "erred by dismissing the Estate's amended complaint for lack of subject matter jurisdiction." *Id.* at 1125. We granted transfer, 831 N.E.2d 735 (Ind. 2005), automatically vacating the decision of the Court of Appeals. Ind. Appellate Rule 58(A).

We disagree with the action taken by the Court of Appeals in response to the defendant's failure to file a certificate of assumed name and to publicly post its license. Disqualifying a qualified healthcare provider from the provisions of the Medical Malpractice Act imposes drastic consequences. Most significant among these is the exposure to unlimited liability, instead of the Act's $250,000 limitation on a provider's portion of any resulting liability, with any additional damages up to a total of $1,250,000 recoverable from the patient's compensation fund established by the Act. Ind. Code § 34-18-14-3. A provider qualified under the Act would likely maintain liability insurance only for its exposure to the $250,000 maximum statutory recovery and would remain uninsured for further and unlimited liability that could result if the provider were deprived of the protection of the Act. In addition, the Act provides favorable treatment to

4

qualified healthcare providers by its preliminary medical review panel mechanism and by its retention of the common law defense of contributory negligence rather than statutory comparative fault. Ind. Code §§ 34-18-8-4, 34-51-2-1.

To provide a fair and reasonable remedy to the plaintiff for the defendant's actions that may have obfuscated the plaintiff's inquiry into the qualified provider status of the facility, we conclude that a more appropriate alternative would be to judicially toll the expiration of the limitation period under the Act, so as to provide the plaintiff with a reasonable time after discovery of the proper entity name within which to commence an action in accordance with the Act. In this way, the plaintiff is neither substantially disadvantaged nor excessively rewarded by the defendant's failures to disclose the proper name of the facility.

We must dispose of the appeal, however, on other grounds. In its ruling on the defendant's motion to dismiss, after stating its findings of fact and conclusions of law, the trial court declared as follows:

<u>Judgment</u>

Given that Defendant is a qualified healthcare provider under the terms of the Indiana Medical Malpractice Act, I.C. 34-18-1-1 *et seq*., this Court has no subject matter jurisdiction to hear this matter until such time as an opinion is rendered by a medical review panel in this cause. The Complaint for Damages has been amended to name the Defendant anonymously. Therefore, pursuant to I.C. 34-18-8-7, the Court will take no action in this matter other than setting a trial date until this matter proceeds through the medical review panel process outlined by the Indiana Medical Malpractice Act.

Br. of Appellant at 23-24. We note the limited effect of the language of this "Judgment." Other than holding that the defendant is a qualified healthcare provider under the Act, the trial court declines to take any further action until completion of further administrative proceedings pursuant to the Act. Its "judgment" did not formally dismiss the action, even as to Counts I and II. The case was to remain pending until completion of proceedings before the Department of Insurance.

Acknowledging the application of I.C. 34-18-8-7,[3] the trial court's ruling clearly did not dispose of all claims as to all parties pursuant to Indiana Trial Rule 54(B) nor did it otherwise

---

[3] This provision of Indiana's Medical Malpractice Act states:

constitute a final judgment pursuant to Indiana Appellate Rule 3(H). As a result of the ruling, the case will proceed to a medical review panel pursuant to the Act. Not only is the trial court's ruling not appealable because it is not a final judgment, it is likewise not eligible for interlocutory appeal because it has not been so certified by the trial court pursuant to Indiana Appellate Rule 14(B).

Having previously granted transfer, we now dismiss this appeal.

Shepard, C.J., and Sullivan, Boehm, and Rucker, JJ., concur.

---

(a) Notwithstanding section 4 of this chapter, beginning July 1, 1999, a claimant may commence an action in court for malpractice at the same time the claimant's proposed complaint is being considered by a medical review panel. In order to comply with this section, the:

(1) complaint filed in court may not contain any information that would allow a third party to identify the defendant;
(2) claimant is prohibited from pursuing the action; and
(3) court is prohibited from taking any action except setting a date for trial, an action under IC 34-18-8-8 [authorizing the Commissioner of Insurance to file a motion to dismiss for inactivity in excess of two years], or an action under IC 34-18-11 [authorizing certain preliminary determinations of affirmative defenses or issue of law or fact or compelling discovery, upon motion by a party or the Commissioner];

until section 4 of this chapter [requiring presentation to a medical review panel] has been satisfied.

(b) Upon satisfaction of section 4 of this chapter, the identifying information described in subsection (a)(1) shall be added to the complaint by the court.

Ind. Code § 34-18-8-7. In <u>Guinn v. Light</u>, 558 N.E.2d 821 (Ind. 1990), we held that the medical malpractice statute of limitation is not tolled when a proposed complaint is tendered to the Insurance Commissioner and the Commissioner determines that the health care provider has not qualified under the act. *Id.* at 822. We noted, however:

Some patients and their attorneys, of course, tender a complaint to the commissioner when they are uncertain whether a provider has qualified under the Act. We view this as prudent in light of the potential for misinformation conveyed over the telephone or through other informal means. Filing a proposed complaint with the commissioner of insurance tolls the statute of limitations until the commissioner or his agent informs the parties that the provider has not qualified under the Act. The commissioner is the appropriate public officer to make such a determination. If the commissioner determines that the provider has not qualified and so notifies the parties, the statute of limitations begins running again and the claimant must file an action in court or risk being barred by the statute of limitations.

*Id.* at 824. In light of this recommended practice, Indiana Code § 34-18-8-7, added to the Medical Malpractice Act effective 1999, is consistent with other provisions of the Act that disfavor subjecting a health care provider to public accusations of medical malpractice until after such claim is presented to a medical review panel.