**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Mar 22 2012, 9:13 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**DEMITRUS GRANT**
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:

**GREGORY A. STOUT**
Reisenfeld & Associates, LPA LLC
Cincinnati, Ohio

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DEMITRUS L. GRANT, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1104-MF-485 |
| | ) | |
| THE BANK OF NEW YORK, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |
| | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable John F. Hanley, Judge
Cause No. 49D11-1006-MF-028352

**March 22, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Judge**

**Case Summary**

Demitrus L. Grant appeals the trial court's denial of his motion to dismiss a complaint filed by The Bank of New York Mellon Trust Company ("The Bank"). Grant contends that the trial court abused its discretion because the complaint was barred by the doctrine of res judicata. However, the denial of a motion to dismiss is not a final appealable order, it does not give rise to an interlocutory appeal of right, and Grant failed to ask the trial court to certify the issue for interlocutory appeal. We therefore dismiss Grant's appeal for lack of jurisdiction.

**Facts and Procedural History**

On January 28, 2004, Grant and his wife Vickie executed a note in the principal amount of $127,500.00 with Paragon Home Lending, LLC for their Marion County, Indiana, home. To secure payment of the note, Grant and his wife executed a mortgage. In December 2007, The Bank filed a complaint on the note and to foreclose on the mortgage, alleging that Grant's loan was in default with an outstanding principal of $124,464.82. The case was later dismissed after a hearing under Indiana Trial Rule 41(E). The Bank moved to reactivate the case, and the trial court granted the motion. Appellee's App. p. 69. Grant moved to strike the motion to reactivate, and the trial court granted the motion, returning the case to its disposed status. *Id.* at 70.

On June 23, 2010, The Bank filed another complaint on the note and to foreclose on the mortgage, alleging that Grant's loan was in default with an outstanding principal of $124,375.74. Grant filed a motion to dismiss, arguing that the second complaint was barred by the doctrine of res judicata. The trial court denied Grant's motion.

2

Grant now appeals.

## Discussion and Decision

Grant contends that the trial court abused its discretion by denying his motion to dismiss. Absent specific exceptions which are not present in this case, this Court has jurisdiction only over final judgments and appeals from interlocutory orders, Ind. Appellate Rule 5, and "[g]enerally the denial of a motion to dismiss under TR 12(B)(6) is not in itself a final appealable order." *Sch. City of Gary v. Cont'l Elec. Co., Inc.*, 158 Ind. App. 132, 140, 301 N.E.2d 803, 808 (1973). To be a final appealable order, the order "must dispose of all issues to all parties, ending the particular case and leaving nothing for future determination." *Ramsey v. Moore*, 959 N.E.2d 246, 251 (Ind. 2012). By denying Grant's motion to dismiss, the trial court allowed this case to go forward, clearly not disposing of the issues.

Since this issue does not give rise to an interlocutory appeal of right pursuant to Indiana Appellate Rule 14(A), the appropriate avenue for relief if Grant had wanted to appeal the denial of his motion to dismiss would have been to ask the trial court to certify an interlocutory order pursuant to Indiana Appellate Rule 14(B). However, the failure to comply with the requirements of Appellate Rule 14 to preserve an issue for interlocutory appeal results in waiver of the issue on later appeal. *See In re K.B.*, 793 N.E.2d 1191, 1198 n.4 (Ind. Ct. App. 2003).

The denial of the motion to dismiss was not a final appealable order and Grant has not properly preserved this issue for appeal. We therefore dismiss Grant's appeal for lack of jurisdiction.

Dismissed.

ROBB, C.J., and NAJAM, J., concur.