**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Dec 28 2012, 10:07 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DARREN BEDWELL**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**IAN MCLEAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

KIETH McCOY,                              )
                                         )
    Appellant-Defendant,             )
                                         )
        vs.                       )        No. 49A02-1206-CR-451
                                         )
STATE OF INDIANA,                        )
                                         )
    Appellee-Plaintiff.              )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Teresa A. Hall, Master Commissioner
Cause No. 49G16-1201-FD-6293

**December 28, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Judge**

## Case Summary

Kieth McCoy appeals the trial court's denial of his motion to lift the no-contact order filed against him after an alleged attack on his wife. McCoy contends that the trial court improperly shifted the burden of proof at the initial hearing from the State to him in determining whether to reinstate the no-contact order, violating his due-process rights. The State cross-appeals, arguing that this Court lacks subject-matter jurisdiction over the appeal and that the issue is moot because the charges against McCoy have since been dropped. Finding that we do not have jurisdiction over this appeal, we dismiss.

## Facts and Procedural History

On January 15, 2012, Indianapolis Metropolitan Police Officer Glen Giesser responded to a report of a domestic disturbance at a gas station. When he arrived, he saw B.M., who was crying, had swollen eyes, abrasions on her back and legs, and missing hair from the top and back of her head. B.M. told Officer Giesser that she had been in the car with McCoy, her husband, and they began to argue. B.M. said that McCoy punched her in the face, began driving the car, and continued to strike her in the face as he did. McCoy then stopped the car and began to strangle B.M. with both of his hands; B.M. could not breathe. McCoy dragged B.M. over the car's center console, forcing her head into the back seat area while he continued to beat her. B.M. then told Officer Giesser that she managed to escape the vehicle, but McCoy followed her, hitting her in the head and body several more times. McCoy then took her cell phone so she could not call the police, and he took her glasses and stepped on them so they broke. B.M. said that she

was able to run back to the gas station, where she called the police. The next day, photographs were taken of B.M.'s injuries, and she spoke to an IMPD Detective.

The State charged McCoy with Class D felony strangulation, Class A misdemeanor domestic battery, Class A misdemeanor battery, Class A misdemeanor interference with reporting a crime, and Class A misdemeanor criminal mischief. McCoy was already on probation for felony possession of marijuana and was wanted on unrelated drug charges in Tippecanoe County. The Marion County trial court admitted McCoy to bail by an order setting bond on February 1, 2012. However, McCoy remained at large until March 6, 2012, when he was arrested and taken to jail in Tippecanoe County on his drug charges. On May 23, 2012, he was brought before the Marion County trial court for his initial hearing and to review bond. Approximately a half-hour before his initial hearing, the trial court entered a no-contact order between McCoy and B.M. as required by Indiana Code section 35-33-8-3.6(b). During the initial hearing, McCoy made an oral request to vacate the protective order. The trial court noted the request but kept the no-contact order in place.

The trial court later asked if there were any circumstances other than the parties' desires to lift the no-contact order that would warrant lifting the order. McCoy called B.M. as a witness who told the trial court that she wanted the no-contact order vacated, "Because I feel like he's here under these charges because of me." Tr. p. 13. B.M. said that there had been "nothing major" in terms of violence in her relationship with McCoy and that McCoy had not even been present when she had been attacked. *Id.* at 15. The trial court, however, kept the no-contact order in place, finding that there was a concern

3

about the "preservation of evidence" and that McCoy had not given the court cause to vacate the order. *Id.* at 21-22. McCoy remained in custody.

Approximately two weeks later, McCoy appealed the trial court's failure to lift the no-contact order without seeking certification of the issue by the trial court. One week later, the State dismissed the charges against McCoy, citing "evidentiary problems." Appellant's App. p. 30. The no-contact order was also lifted at that time. McCoy continues with his appeal.

**Discussion and Decision**

Two arguments are made on appeal. McCoy contends that the trial court violated his due-process rights by shifting the burden of proof to him when determining whether to lift the no-contact order. The State cross-appeals, however, arguing that this appeal should be dismissed either: (1) for lack of subject-matter jurisdiction because McCoy failed to obtain certification for an interlocutory appeal or (2) because it is moot since the charges have been dropped and the no-contact order is no longer in place. Since we find that we do not have subject-matter jurisdiction over this appeal, we need only address that issue.

The State contends that we lack subject-matter jurisdiction to hear this appeal because this is not a final appealable order, not an interlocutory appeal of right, and McCoy failed to obtain certification for a discretionary interlocutory appeal. We agree.

Absent specific exceptions which are not present in this case, this Court has jurisdiction only over final judgments and appeals from interlocutory orders. Ind. Appellate Rule 5. To be a final appealable order, the order "must dispose of all issues to

4

all parties, ending the particular case and leaving nothing for future determination." *Ramsey v. Moore*, 959 N.E.2d 246, 251 (Ind. 2012). By denying McCoy's motion to lift the no-contact order, the trial court was only preventing McCoy from contacting B.M. before the trial took place, not disposing of the issues to be resolved at trial.

Since this issue does not give rise to an interlocutory appeal of right pursuant to Indiana Appellate Rule 14(A), the appropriate avenue for relief if McCoy had wanted to appeal the denial of his motion to lift the no-contact order would have been to ask the trial court to certify an interlocutory order pursuant to Indiana Appellate Rule 14(B).[1] However, the failure to comply with the requirements of Appellate Rule 14 to preserve an issue for interlocutory appeal results in waiver of the issue on later appeal. *See In re K.B.*, 793 N.E.2d 1191, 1198 n.4 (Ind. Ct. App. 2003).

The denial of the motion to lift the no-contact order was not a final appealable order and McCoy has not properly preserved this issue for appeal. We therefore dismiss McCoy's appeal for lack of jurisdiction.

Dismissed.

BAILEY, J., and BROWN, J., concur.

---

[1] Appellate Rule 14(A) allows interlocutory appeals of right for certain specified orders, including "granting or refusing to grant, dissolving, or refusing to dissolve a preliminary injunction." Ind. Appellate Rule 14(A)(5). McCoy contends that the denial of a no-contact order should be treated as an interlocutory appeal of right. Reply Br. p. 4. We decline to do so.