# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Aug 22 2016, 8:25 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Craig V. Braje
Rachel E. Doty
Braje, Nelson, and Janes LLP
Michigan City, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| In Re The Marriage Of:<br><br>Jennifer Bell,<br>*Appellant-Petitioner*,<br><br>v.<br><br>John K. Bell,<br>*Appellee-Respondent*. | August 22, 2016<br><br>Court of Appeals Case No.<br>64A03-1601-DR-176<br><br>Appeal from the Porter Superior Court<br><br>The Honorable Roger V. Bradford, Judge<br><br>The Honorable Mary A. DeBoer, Magistrate<br><br>Trial Court Cause No.<br>64D01-1302-DR-1527 |

**Brown, Judge.**

[1] Jennifer Bell ("Mother") appeals the trial court's interim order on implementation of parenting time schedule. We find one issue dispositive, which is whether the trial court's order is an appealable order. We dismiss.

## *Facts and Procedural History*

[2] Mother and John K. Bell ("Father") were married on February 1, 1997, and three children were born of the marriage. On September 17, 2013, the court entered a decree of dissolution of the parties' marriage along with a property settlement agreement, which also included provisions regarding custody and parenting time.

[3] On June 16, 2015, Mother filed a petition for modification of parenting time/visitation, child support, and other child-related matters as well as a motion for appointment of a guardian ad litem. In a case management order entered on August 25, 2015, the parties were ordered to engage in mediation, and they agreed to use attorney Scott Wagenblast as a mediator and attorney Ruth Norris as the guardian ad litem ("GAL"). The GAL submitted her report on December 7, 2015, and recommended that parenting time be exercised on a week-to-week basis, "beginning on Sunday evening at 6:00 p.m., with the other parent having a Wednesday overnight from 3:00 p.m. on Wednesday through 3:00 p.m. on Thursday." Appellant's Appendix at 39.

[4] On December 16, 2015, the parties participated in a mediation session but were unable to agree on a new parenting time schedule. Following the mediation session, the parties filed a document titled "INTERIM STIUPLATIONS AND

ORDERS," which was a form document that the parties had partially filled out, and requested that the court enter the same as an order of the court. *Id.* at 41. The court checked a line provided on the form document and handwrote that the parties were "to participate in 1 full day of mediation" prior to the final hearing, and it also handwrote that "[s]aid mediation session shall not occur before March 15, 2016." *Id.* at 43. The parties also requested that the court set a two-day final hearing, and the court checked a line provided on the form next to the preprinted word "Other" and handwrote that "[c]ounsel shall coordinate a final hearing with the court after mediation at which the parties are ordered to appear." *Id.* The interim stipulations and orders were signed by Mother, Father, their respective attorneys, and the court.

[5]     On December 17, 2015, Father filed a motion for implementation of parenting time schedule, noting that the parties had not been able to come to an agreement concerning a parenting time schedule "without further hearing in this matter," and, anticipating it would "take some time for a final hearing in this matter," requested that the court order parenting time consistent with the GAL's recommendation or that the court set a short hearing on the matter. *Id.* at 47. That same day, and without a hearing, the court entered an "INTERIM ORDER ON IMPLEMENTATION OF PARENTING TIME SCHEDULE"[1] which adopted the parenting time recommendations of the GAL and noted that

---

[1] The word "INTERIM" in the title is handwritten. Appellant's Appendix at 49.

the ruling was "pending Final Hearing or further Order in this matter." *Id.* at 49.

On December 18, 2015, Mother filed a response/objection to Father's motion for implementation of parenting time schedule, and the court denied the motion without a hearing and reaffirmed its interim order of December 17, 2015. On January 8, 2016, Mother filed a motion to correct error which the court denied on January 11, 2016. On January 19, 2016 Mother filed a notice of appeal from the court's December 17, 2015 and January 8, 2016 orders.[2] Mother asserts in her notice of appeal that she is appealing from a final judgment.

## *Discussion*

The dispositive issue is whether the trial court's December 17, 2015 order is an appealable order. "The authority of the Indiana Supreme Court and Court of Appeals to exercise appellate jurisdiction is generally limited to appeals from final judgments." *Ramsey v. Moore*, 959 N.E.2d 246, 251 (Ind. 2012) (quoting *Allstate Ins. Co. v. Fields*, 842 N.E.2d 804, 806 (Ind. 2006), *reh'g denied*). We have the duty to determine whether we have jurisdiction over an appeal before proceeding to determine the rights of the parties on the merits. *Allstate Ins. Co. v. Scroghan*, 801 N.E.2d 191, 193 (Ind. Ct. App. 2004), *trans. denied*. Pursuant to Ind. Appellate Rule 5, this court has jurisdiction over appeals from final

---

[2] Mother also filed a supplemental notice of appeal on February 1, 2016.

judgments of trial courts and only those interlocutory orders from trial courts that are brought in accordance with Ind. Appellate Rule 14.

[8] Ind. Appellate Rule 2(H) provides that a judgment is a final judgment if:

> (1) it disposes of all claims as to all parties;
>
> (2) the trial court in writing expressly determines under Trial Rule 54(B) or Trial Rule 56(C) that there is no just reason for delay and in writing expressly directs the entry of judgment (i) under Trial Rule 54(B) as to fewer than all the claims or parties, or (ii) under Trial Rule 56(C) as to fewer than all the issues, claims or parties;
>
> (3) it is deemed final under Trial Rule 60(C);
>
> (4) it is a ruling on either a mandatory or permissive Motion to Correct Error which was timely filed under Trial Rule 59 or Criminal Rule 16; or
>
> (5) it is otherwise deemed final by law.

[9] We initially note that, in her brief, Mother states:

> To date, [the] parties remain operating under the trial court's *ex parte* Interim Order on Implementation of Parenting Time Schedule and await a hearing on the merits [of Father's] Motion for Implementation of Parenting Time Schedule, as well as the trial court's *ex parte* Interim Order on Implementation of Parenting Time Schedule and [Mother's] Motion to Modify Parenting Time/Visitation and other Child Related Matters."

Appellant's Brief at 8. The court's December 17, 2015 order is titled "INTERIM ORDER ON IMPLEMENTATION OF PARENTING TIME SCHEDULE" and noted that the parenting time schedule established in the interim order was to be "pending Final Hearing or further Order in this matter." Appellant's Appendix at 49. The December 17, 2015 order does not dispose of all claims as to all parties, and the court did not state there was no just reason for delay under Trial Rule 54.

[10] Further, although Mother filed a motion on January 8, 2016, titled "Motion to Correct Errors," that motion is more accurately characterized as a motion to reconsider the trial court's December 17, 2015 interim order granting implementation of parenting time schedule. *See Hubbard v. Hubbard*, 690 N.E.2d 1219, 1221 (Ind. Ct. App. 1998) ("[M]otions to reconsider are properly made and ruled upon prior to the entry of final judgment" (citing Ind. Trial Rule 53.4(A)); Trial Rule 59(C) (providing that motions to correct error are to be filed "not later than thirty (30) days *after the entry of a final judgment*") (emphasis added). Thus, the December 17, 2015 order is not a final judgment under Ind. Appellate Rule 2(H)(4). Also, we cannot say that the order falls into any of the remaining categories of Ind. Appellate Rule 2(H). Accordingly, the appealed order is not a final judgment under any definition of Ind. Appellate Rule 2.

[11] Mother is therefore appealing from an interlocutory order. Parties are permitted to appeal "as a matter of right" the following interlocutory orders:

(1) For the payment of money;

(2) To compel the execution of any document;

(3) To compel the delivery or assignment of any securities, evidence of debt, documents or things in action;

(4) For the sale or delivery of the possession of real property;

(5) Granting or refusing to grant, dissolving, or refusing to dissolve a preliminary injunction;

(6) Appointing or refusing to appoint a receiver, or revoking or refusing to revoke the appointment of a receiver;

(7) For a writ of habeas corpus not otherwise authorized to be taken directly to the Supreme Court;

(8) Transferring or refusing to transfer a case under Trial Rule 75; and

(9) Issued by an Administrative Agency that by statute is expressly required to be appealed as a mandatory interlocutory appeal.

Ind. Appellate Rule 14(A). The trial court's order does not fit into any of these categories. Thus, Mother was not entitled to appeal the court's order as a matter of right.

[12] Other interlocutory orders may be appealed "if the trial court certifies its order and the Court of Appeals accepts jurisdiction over the appeal," Ind. Appellate

Rule 14(B), or if an interlocutory appeal is provided by statute. Ind. Appellate Rule 14(D). There is no indication that Mother sought certification from the trial court or permission from this Court to file a discretionary interlocutory appeal. Nor has Mother demonstrated a statutory right to appeal. *See Ramsey,* 959 N.E.2d at 253-254 (Ind. 2012) (holding that the Indiana Supreme Court lacked subject matter jurisdiction where the appealed order was not a final judgment).

## *Conclusion*

[13] For the foregoing reasons, we dismiss Mother's appeal of the trial court's December 17, 2015 order.

[14] Dismissed.

Robb, J., and Mathias, J., concur.