*Pursuant to Indiana Appellate Rule 65(E), the trial court and parties shall not take any action in reliance upon this opinion until it is certified.*



IN THE

# Indiana Supreme Court

Supreme Court Case No. 26S-PC-171

## Catherine Adkins,
*Appellant-Petitioner,*

–v–

## State of Indiana,
*Appellee-Respondent.*



FILED

May 28 2026, 11:34 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



Decided: May 28, 2026

Appeal from the Wayne Superior Court
No. 89D02-2102-PC-1
The Honorable Gregory A. Horn, Judge

On Petition to Transfer from the Indiana Court of Appeals
No. 25A-PC-438

**Opinion by Justice Slaughter**

Chief Justice Rush and Justices Massa, Goff, and Molter concur.

**Slaughter, Justice.**

Catherine Adkins appeals an adverse declaratory judgment in her post-conviction case. Appellate jurisdiction here turns on whether the trial court's declaration is a final judgment under Indiana law. We hold it is not a final judgment because the Declaratory Judgment Act does not categorically deem all declarations final. We grant transfer, dismiss the appeal for lack of jurisdiction, and remand.

I

In 2015, eleven-month-old K.S. died while in Catherine Adkins's care. Adkins claimed she tripped and hit a door frame while holding K.S., but an autopsy found his injuries consistent with multiple acts of inflicted blunt-force trauma. The infant's death was ruled a homicide. In 2016, Adkins faced the charge of Level 1 felony neglect of a dependent resulting in death. After a bench trial, the court found her guilty and sentenced her to thirty years with ten years suspended. Our court of appeals affirmed her conviction and sentence on direct appeal. *Adkins v. State*, No. 19A-CR-2121, 2020 WL 1969295 (Ind. Ct. App. Apr. 24, 2020) (mem.).

In 2021, Adkins sought post-conviction relief. Relevant here, she alleged her appellate counsel was ineffective for failing to challenge her jury-trial waiver. The State conceded that the trial court had not put her waiver on the record and concluded she likely was entitled to a new trial. But the State warned her that, while she was incarcerated, it had intercepted over eighty of her letters that detailed "an intentional and knowing killing" of K.S., as well as crimes committed in other states. Thus, the State advised, any new trial Adkins received would be for murder, not neglect.

Adkins asked the post-conviction court to declare what her rights would be if she received relief on her underlying ineffectiveness claim. She relied on Post-Conviction Rule 1, section 10, which states the trial court "shall not impose a more severe penalty than that originally imposed" if the petitioner successfully seeks relief on post-conviction. Ind. Post-Conviction Rule 1 § (10)(b). Thus, she argued, any new sentence she receives must not exceed her original sentence for neglect, even if she were convicted of the more severe crime of murder. The post-conviction

court issued a declaratory judgment but ruled against Adkins. It held that Rule 1, section 10 does not apply when the State discovers new evidence supporting a higher-level charge.

Adkins moved to continue the pending post-conviction proceedings and appealed the adverse judgment. In a precedential opinion, the court of appeals affirmed. *Adkins v. State*, 272 N.E.3d 217 (Ind. Ct. App. 2025). It held that Rule 1, section 10 "neither curtails the State's authority to file a new charge based on new evidence nor restricts the sentencing court from applying the proper statutory range to that conviction." *Id*. at 224.

Adkins now seeks transfer, which we grant, ___ N.E.3d ___ (Ind. 2026), thus vacating the appellate decision, Ind. Appellate Rule 58(A).

## II

We hold that appellate jurisdiction is lacking because Adkins did not appeal from a final judgment. An appellate court must have jurisdiction to decide an appeal's merits. *In re Adoption of S.L.*, 210 N.E.3d 1280, 1282 (Ind. 2023). Appellate courts generally have jurisdiction only over appeals from final judgments. App. R. 2(H); *DeCola v. Norfolk S. Corp.*, 222 N.E.3d 938, 939 (Ind. 2023). A final judgment disposes of all claims as to all parties or is deemed final by law, App. R. 2(H), such as by statutes or court rules. Our final-judgment rule enhances judicial efficiency by generally requiring that all issues in a case be litigated in a single appeal. Otherwise, "there would be needless delays and increased expense from limitless interlocutory appeals of garden variety rulings". *Means v. State*, 201 N.E.3d 1158, 1163 (Ind. 2023).

The disputed judgment below is not a final judgment under any of the five definitions of "final judgment" in Appellate Rule 2(H). First, the court's ruling did not "dispose[] of all claims as to all parties" and thus does not meet Rule 2(H)(1). An order that resolves all claims "end[s] the particular case and leave[s] nothing for future determination." *Ramsey v. Moore*, 959 N.E.2d 246, 251 (Ind. 2012). The post-conviction court's ruling below resolved nothing. It merely declared what would happen, hypothetically, if Adkins's post-conviction claim were to succeed; it never resolved the merits of her claim.

Nor is the court's ruling final under Rule 2(H)(2), (3), or (4). The ruling contained none of the "magic language" required under Trial Rules 54(B) or 56(C) to make an otherwise interlocutory ruling "final": expressly determining in writing that there is no reason for delay and expressly directing in writing the entry of judgment on fewer than all issues (for 56(C) rulings) or claims or parties (for both 54(B) and 56(C) rulings). *Georgos v. Jackson*, 790 N.E.2d 448, 452 (Ind. 2003); App. R. 2(H)(2). The court's ruling was not deemed final under Trial Rule 60(C). App. R. 2(H)(3). And it did not rule on a motion to correct error under Trial Rule 59. *Id.* at 2(H)(4).

That leaves only the fifth (and final) definition of a "final judgment"—whether the ruling was "otherwise deemed final by law." *Id.* at 2(H)(5). Adkins argues that all declaratory judgments, including the disputed declaration below, are deemed final by law, and that she can appeal under Rule 2(H)(5). Trial courts can issue declaratory judgments under the Uniform Declaratory Judgment Act, Indiana Code chapter 34-14-1. If the Act treats declaratory judgments as final, appealable orders, then Adkins is right, and all declaratory judgments are final under Rule 2(H)(5). When interpreting a statute, "we begin by reading its words in their plain and ordinary meaning, taking into account 'the structure of the statute as a whole.'" *Town of Linden v. Birge*, 204 N.E.3d 229, 237 (Ind. 2023) (quoting *ESPN, Inc. v. Univ. of Notre Dame Police Dep't*, 62 N.E.3d 1192, 1195 (Ind. 2016)). And we "avoid interpretations that depend on selective reading of individual words that lead to irrational and disharmonizing results." *ESPN, Inc.*, 62 N.E.3d at 1195 (quoting *West v. Off. of Ind. Sec'y of State*, 54 N.E.3d 349, 355 (Ind. 2016)).

Under the Act, declarations have "the force and effect of a final judgment or decree." Ind. Code § 34-14-1-1. Adkins argues that this statute alone makes all declaratory judgments final, appealable orders for purposes of Rule 2(H). But this interpretation fails to read the Act in full. The Act also explains that declaratory judgments "may be reviewed as other orders, judgments, and decrees." *Id.* § 34-14-1-7. We must read these two provisions together: "Declaratory orders have the force and effect of a final judgment or decree. As such, we treat them in the same manner as other judgments." *Johnson v. Johnson*, 920 N.E.2d 253, 255 (Ind. 2010) (citation omitted).

A plain reading of sections 1 and 7 together shows that section 1 does not categorically deem all declaratory judgments final for purposes of Rule 2(H)(5). Section 1 says that courts "have the power to declare rights, status, and other legal relations whether or not further relief is or could be claimed." I.C. § 34-14-1-1. This provision makes clear that declaratory judgments "do not call for merely advisory opinions" but "constitute[] an adjudication upon the subject-matter presented." *Rauh v. Fletcher Sav. & Tr. Co.*, 194 N.E. 334, 336 (Ind. 1935). That section 1 says declaratory judgments have the "force and effect" of a final judgment does not mean they are appealable; it means they are "a conclusive determination of the rights of the parties" with "res judicata" effect. E. Borchard, *Declaratory Judgments* 438 (2d ed. 1941).

Section 7, in contrast, speaks directly to appellate review of declaratory judgments and directs us to review them "as other orders, judgments, and decrees." I.C. § 34-14-1-7. This section "is designed to make clear that no special appellate procedure is involved and that the ordinary periods and rules apply to an appeal from a declaratory judgment." Borchard, *supra*, at 253. Adopting Adkins's view that declaratory judgments are all final, appealable orders would render this section meaningless, which we will not do. "We do not presume that the Legislature intended to enact a statutory provision that is superfluous, meaningless, or a nullity." *Perry Cnty. v. Huck*, 263 N.E.3d 138, 142 (Ind. 2025). Sections 1 and 7 complement each other when read together. Section 1 says that declaratory judgments have the same binding effect as other judgments, while section 7 says they receive the same treatment on appeal as other judgments.

The upshot is that not all declaratory judgments are final, appealable orders under Rule 2(H)(5), but are reviewable as any other orders, judgments, or decrees. Cf. *Pond v. Pond*, 700 N.E.2d 1130, 1135 (Ind. 1998) (holding that pending declaratory-judgment order was non-final and thus could be reconsidered by the trial court while the underlying dissolution proceeding continued). Thus, because the judgment below did not resolve Adkins's pending post-conviction claims, it did not resolve all claims as to all parties. And neither is the judgment deemed final by law. Thus, it is not a final, appealable order under Rule 2(H).

Our holding does not leave Adkins, or other litigants seeking declaratory relief, in the lurch. Adkins had other options for appealing the declaratory judgment right away without jeopardizing her post-conviction claims. She could have asked the trial court to certify its order for interlocutory appeal under Appellate Rule 14(B). Or asked it to enter final judgment under Trial Rule 54(B). Or awaited the entry of a true final judgment that resolved all her underlying post-conviction claims.

Courts can exercise judicial power only where their jurisdiction is secure. The trial court's declaratory judgment is not final, which means the court of appeals did not have jurisdiction to decide Adkins's appeal. And, as our jurisdiction derives from our appellate court's, neither do we.

*     *     *

For these reasons, we grant transfer, dismiss the appeal for lack of jurisdiction, and remand to the trial court for further proceedings consistent with our opinion.

Rush, C.J., and Massa, Goff, and Molter, JJ., concur.

ATTORNEYS FOR APPELLANT
Amy E. Karozos
Public Defender of Indiana

James T. Acklin
Chief Deputy Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Theodore E. Rokita
Attorney General of Indiana

Caroline G. Templeton
Deputy Attorney General
Indianapolis, Indiana